NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CECILIA M. FERREIRA,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    22-15906

D.C. No. 1:20-cv-00509-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Submitted March 30, 2023**
San Francisco, California

Before:  McKEOWN, GOULD, and IKUTA, Circuit Judges.

Cecilia Ferreira ("Ferreira") appeals the district court's decision affirming

the final judgment of the Commissioner of Social Security denying her application

for disability benefits under Title II of the Social Security Act.  We have

_____

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.

We review *de novo* the district court's order. *Cody v. Kijakazi*, 48 F.4th 956, 960 (9th Cir. 2022). "We will affirm the decision of the administrative law judge [("ALJ")] unless it is not supported by substantial evidence or is based on a legal error." *Wellington v. Berryhill*, 878 F.3d 867, 871 (9th Cir. 2017). "Our review of an ALJ's fact-finding for substantial evidence is deferential, and '[t]he threshold for such evidentiary sufficiency is not high.'" *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (internal citation omitted). We affirm.

1. The ALJ's handling of the testimony of Dr. Albert Ferrari, Ferreira's treating rheumatologist, is supported by substantial evidence. Under existing precedent, a treating or examining physician's opinion can be discounted if the ALJ provides "specific and legitimate reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (internal citation omitted).[1] The ALJ provided specific and legitimate reasons for discounting Dr. Ferrari's medical opinion, such as the inconsistencies between Dr. Ferrari's opinion and the weight of the other medical professionals' opinions, including the opinion of examining physician Dr. Lauri Stenbeck. The evidence in the record

---

[1] Because Ferreira filed her claim before March 27, 2017, the new regulatory framework for evaluating medical evidence is not applicable. *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022) (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017)).

does not compel a different result than the one that the ALJ reached. Ferreira's citation to *Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004), is unavailing, as the ALJ in Ferreira's case did not show a similar "[s]heer disbelief" in fibromyalgia as a potentially debilitating condition. *Id.* at 594. The ALJ went through the entirety of the record and identified inconsistencies not just between Dr. Ferrari's medical opinion and Ferreira's daily activities, but also in various medical opinions presented to the ALJ.

2. The ALJ provided "specific, clear and convincing reasons" for discounting Ferreira's testimony about the severity of her symptoms, and substantial evidence does not compel a different result. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting the "specific, clear and convincing reasons" standard) (citation omitted). The ALJ did not discount Ferreira's testimony regarding whether she had her claimed impairments, but rather questioned the limiting effects those impairments had on her ability to perform work. The ALJ cited to specific medical evidence showing that Ferreira retained sufficient residual functioning to counter her subjective allegations of pain and resulting disability. "Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). Substantial evidence does not compel this court to uncritically credit

3

Ferreira's testimony when it is directly contravened by her statements in other contexts or by the opinions of medical professionals.

3. The ALJ gave germane reasons for discounting the opinions of Ferreira's mother, Helia Carvalho, to the extent she opined on her daughter's functional limitations. The ALJ properly discounted certain parts of Carvalho's testimony because Carvalho was not a doctor or other expert, as "medical diagnoses are beyond the competence of lay witnesses." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Carvalho's opinion that Ferreira could not work a regular job or regular job hours due to her medical conditions is a medical determination that can properly be discounted by the ALJ. The ALJ also stated that "the accumulated medical evidence" was not outweighed by Carvalho's observations of how Ferreira's limitations affected Ferreira's ability to work. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that "[i]nconsistency with medical evidence" is a germane reason that allows for discounting of a lay person's observations). Substantial evidence does not compel a different conclusion. Finally, the ALJ was entitled to discount Carvalho's testimony for the same reasons it rejected Ferreira's similar testimony. *See Valentine v. Comm'r Soc. Sec. Admin*. 574 F.3d 685, 694 (9th Cir. 2009); *Molina v. Astrue*, 674 F.3d 1104, 1121-22 (9th Cir. 2012).

4. The ALJ properly determined that Ferreira could perform jobs existing in

4

substantial numbers in the economy. To the extent that Ferreira argues that the ALJ's determination of her residual ability is not supported by substantial evidence, the argument is inherently derivative of Ferreira's previous arguments regarding the proper weighing of medical testimony. We hold that substantial evidence does not compel a different finding. Additionally, though Ferreira directly disputes the ALJ's determination that Ferreira could not perform two out of the three jobs identified by the vocational expert, Ferreira crucially does not dispute the ALJ's finding that she could perform the third job of housekeeper. Substantial evidence does not compel a different result than that reached by the Commissioner of Social Security.

**AFFIRMED.**